## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NOVINGER'S, INC.,** | : | **CIVIL ACTION NO. 1:18-CV-1145** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **A.J.D. CONSTRUCTION CO., INC.,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 6th day of June, 2019, upon consideration of the motion (Doc.

35) for reconsideration of the court's order (Doc. 33) dated March 25, 2019—denying

the motion to dismiss for lack of personal jurisdiction or alternatively to transfer

venue under 28 U.S.C. § 1404(a)—filed by defendant A.J.D. Construction Co. Inc.

("A.J.D."),[1] and the court emphasizing that a motion for reconsideration of a final

order under Federal Rule of Civil Procedure 59(e) must rely on one of the following

three grounds: "(1) an intervening change in controlling law; (2) the availability of

new evidence; or (3) the need to correct clear error of law or prevent manifest

injustice," <u>Wiest v. Lynch</u>, 710 F.3d 121, 128 (3d Cir. 2013) (quoting <u>Lazaridis</u>

<u>v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010)); <u>see</u> <u>Max's Seafood Café v. Quinteros</u>,

176 F.3d 669, 677-78 (3d Cir. 1999); <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d

Cir. 1985), and noting that the court possesses an inherent power to reconsider its

interlocutory orders "when it is consonant with justice to do so," <u>State Nat'l Ins. Co.</u>

---

[1] A.J.D.'s motion (Doc. 35) alternatively requests that this court certify the
case for immediate appeal pursuant to 28 U.S.C. § 1292(b).

v. County of Camden, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) (citing United States

v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)); Alea N. Am. Ins. Co. v. Salem Masonry

Co., 301 F. App'x 119, 121 (3d Cir. 2008), but that a party may not invoke a motion

for reconsideration as a means to "relitigate old matters" or present previously

available arguments or evidence, see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485

n.5 (2008) (citation omitted), and it appearing that A.J.D. bases its motion on

arguments identical to or expanding upon those previously raised before—and

rejected by—the undersigned, and that A.J.D. fails to substantiate a basis to

reconsider the court's prior decision,[2] and accordingly fails to establish why

reconsideration would be "consonant with justice," Jerry, 487 F.2d at 605, it is

hereby ORDERED that:

---

[2] A.J.D. attacks the court's prior decision regarding personal jurisdiction in piecemeal fashion, isolating each jurisdictional fact and arguing that such a circumstance—by itself—is insufficient to confer personal jurisdiction over A.J.D. As we previously explained, whether a court has personal jurisdiction over a defendant in a breach of contract case is a totality-of-the-circumstances inquiry. See Novinger's Inc. v. A.J.D. Constr. Co., __ F. Supp. 3d __, 2019 WL 1330354, at *3 (M.D. Pa. Mar. 25, 2019) (Conner, C.J.) (citing Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006)). We have already performed that analysis. See id. at *4-5. A.J.D. merely seeks a different outcome to our jurisdictional examination, which is not a proper basis for reconsideration. To the extent that A.J.D. challenges the factual basis for plaintiff's breach of contract claim as it relates to alleged underpayment for fabrication, (see Doc. 47 at 5-6), we take plaintiff's allegations as true and construe disputed facts in its favor, as we must, when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2). See Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002) (citation omitted).

1.      A.J.D.'s motion (Doc. 35) for reconsideration is DENIED.

2.      A.J.D.'s alternative motion to certify this case for immediate
        appeal pursuant to 28 U.S.C. § 1292(b) is DENIED, as this case
        does not involve "a controlling question of law as to which there
        is a substantial ground for difference of opinion."  28 U.S.C.
        § 1292(b).


                                    /S/ CHRISTOPHER C. CONNER
                                    Christopher C. Conner, Chief Judge
                                    United States District Court
                                    Middle District of Pennsylvania